# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| JOHNATHAN DARDEN, | § |
| | § |
| Plaintiff, | § CIVIL ACTION NO. 2:14-CV-01085-RWS |
| | § |
| v. | § |
| | § |
| WILLIAMS STEPHEN, | § |
| | § |
| Defendant. | § |

## ORDER

Petitioner Johnathan Darden, proceeding *pro se* and *in forma pauperis*, filed this application for the writ of habeas corpus under 28 U.S.C. § 2254, challenging the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Darden is serving concurrent life sentences for two counts of aggravated sexual assault of a child. He filed a timely direct appeal, raising several claims of ineffective assistance of trial counsel. The Court of Appeals affirmed his conviction in an unpublished opinion. *See Darden v. State*, 06-12-0038-CR (Tex. App. Texarkana). On June 5, 2013, the Court of Criminal Appeals refused his petition for discretionary review. *Darden v. State*, PDR No. 0363-13. He subsequently filed a state habeas application, which the Court of Criminal Appeals denied without a written order. Darden then filed this timely federal petition in December 2014. Docket No. 1.

## II. Darden's Federal Habeas Claims

In his federal petition, Darden claimed that the Texas Court of Criminal Appeals committed reversible error by failing to enter findings of fact and conclusions of law concerning the denial of his state habeas application. Docket No. 1 at 6. He also alleged that trial counsel was ineffective for (1) failing to object when the trial court would not allow him to impeach a witness because doing so violated the State's motion in limine; (2) failing to investigate the same witness, who ultimately testified to an extraneous offense committed by Darden; and (3) failing to object to improper questioning of a State witness. *Id*. at 6–7.

After a review of the pleadings and the state court record, the Magistrate Judge issued a Report recommending that Darden's petition for a writ of habeas be denied and that the case be dismissed with prejudice. Docket No. 16. The Magistrate Judge also recommended that a certificate of appealability be denied. *Id*. at 20. Darden has filed timely objections. Docket No. 22.

## III. Standard of Review

*1. Federal Habeas Review*

The role of federal courts in reviewing habeas corpus petitions filed by state prisoners is exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review error under state law. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Furthermore, federal habeas review of state court proceedings is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. Under the AEDPA, which imposed a number of habeas corpus reforms, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas corpus relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). The AEDPA imposes a "highly deferential standard for evaluating state court rulings," which demands that federal courts give state court decisions "the benefit of the doubt." *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted); *see also Cardenas v. Stephens*, 820 F.3d 197, 201–02 (5th Cir. 2016) ("Federal habeas review under the AEDPA is therefore highly deferential: The question is not whether we, in our independent judgment, believe that the state court reached the wrong result. Rather, we ask only whether the state court's judgment was so obviously incorrect as to be an objectively unreasonable resolution of the claim."). Given the high deferential standard, a state court's findings of fact are entitled to a presumption of correctness and a petitioner can only overcome that burden through clear and convincing evidence. *Reed v. Quarterman*, 504 F.3d 465, 490 (5th Cir. 2007).

*2. Ineffective Assistance of Counsel*

To show that trial counsel was ineffective, Darden must demonstrate both deficient performance and ensuing prejudice. *See Strickland v. Washington*, 466 U.S. 668 (1984). In evaluating whether an attorney's conduct was deficient, the question becomes whether the attorney's conduct fell below an objective standard of reasonableness based on "prevailing norms

of practice." *See Loden v. McCarty*, 778 F.3d 484, 494 (5th Cir. 2016). The right to effective counsel does not guarantee error-free or perfect counsel. *See U.S. v. Freeman*, 818 F.3d 175, 178 (5th Cir. 2016).

Moreover, to establish prejudice, the petitioner must show that there is a reasonable probability that, absent counsel's deficient performance, the outcome or result of the proceedings would have been different. *Id.*; *see also Reed v. Stephens*, 739 F.3d 753, 773 (5th Cir. 2014) (quoting *Strickland*, 466 U.S. at 687). It is well-settled that a "reasonable probability" is one that is sufficient to undermine confidence in the outcome of the proceedings. *Strickland*, 466 U.S. at 694. Importantly, the petitioner alleging ineffective assistance must show both deficient performance and prejudice. *See Charles v. Stephens*, 736 F.3d 380, 388 (5th Cir. 2013) ("A failure to establish either element is fatal to a petitioner's claim.") (internal citation omitted). Given the already highly deferential standard under the AEDPA, establishing a state court's application whether counsel was ineffective "is all the more difficult." *Harrington v. Richter*, 562 U.S. 86, 105 (2011); *see also Charles v. Stephens*, 736 F.3d 380, 389 (5th Cir. 2013) ("Both the *Strickland* standard and the AEDPA standard are highly deferential, and when the two apply in tandem, review is doubly so") (internal quotations and citation omitted).

**IV. Darden's Objections**

*A. Deferential Standard of Review*

In his first objection, Darden argues that the "Magistrate Judge's conclusion that the deferential standard of review under § 2254(d) governs this case is in error. Petitioner submits that the procedural default exception [enunciated] in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) operates to squelch governance of §2254(d) and to authorize the District Court to review Petitioner's Sixth Amendment right to counsel claims *de novo*." Docket No. 22 at 2. It appears that Darden is

asserting that because the Texas Court of Criminal Appeals denied his state habeas application without an opinion or any discussion, the appellate court did not review his claims of ineffective assistance of counsel on the merits. As a result, he contends, the Magistrate Judge's reliance on the deferential standard under the AEDPA was in error.

However, contrary to Darden's contentions, the Magistrate Judge correctly applied the ADEPA deferential standard, and *Martinez* does not apply to his case. As an initial matter, an issue raised for the first time in an objection to a Magistrate Judge's Report is not properly before the District Court. *See Place v. Thomas*, 2003 WL 342287, at *1 (5th Cir. 2003); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992). Accordingly, Darden's objection regarding the AEDPA's deferential standard is not properly before the Court. However, in the interests of justice, the Court will address Darden's objection on this point.

*Martinez* enables a petitioner to assert that state habeas counsel—or, as here, a *pro se* petitioner who represented himself in a state habeas proceeding—was ineffective for failing to bring certain ineffective assistance of counsel claims during the state habeas review. *See Martinez*, 132 S.Ct. at 1318; *see also Johnson v. Dir.*, TDCJ-CID, 2014 WL 4059199, at *3 (E.D. Tex. Aug. 15, 2014). Moreover, the Fifth Circuit has summarized *Martinez* and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), which applies *Martinez* to Texas, as follows:

> To succeed in establishing cause to excuse the procedural default of his ineffective assistance of trial counsel claims, [petitioner] must show that (1) his claims of ineffective assistance of trial counsel are "substantial," meaning that he "must demonstrate that the claim[s] ha[ve] some merit," Martinez, 132 S.Ct. at 1318; and (2) his initial state habeas counsel was ineffective in failing to present those claims in his first state habeas application. *See id.*; *Trevino*, 133 S.Ct. at 1912.

*Preyor v. Stephens*, 537 F. App'x 412, 421 (5th Cir. 2013) (per curiam); *see also Reed v. Stephens*, 739 F.3d 753, 774 (5th Cir. 2014).

Importantly for purposes here, *Martinez* does not apply to claims that were fully adjudicated on the merits by the state habeas court—as those claims are, by definition, not procedurally defaulted. *See Escamilla v. Stephens*, 749 F.3d 380, 394 (5th Cir. 2014) ("Thus, once a claim is considered and denied on the merits by the state habeas court, *Martinez* is inapplicable.") (emphasis supplied); *Moore v. Mitchell*, 708 F.3d 760, 784 (6th Cir. 2013) (finding that *Martinez* was inapplicable because Moore raised his claim of ineffective assistance on direct appeal and the Ohio Supreme Court rejected it on the merits); *see also Runnel v. Stephens*, 2016 WL 1274132, at *14 (N.D. Tex. Mar. 15, 2016) ("*Martinez/Trevino* does not apply to claims which were adjudicated on the merits. Instead, it applies only to procedurally defaulted ineffective assistance claims against trial counsel").

A claim is "adjudicated on the merits," which then triggers AEDPA deference, when the state court resolves the case on substantive grounds rather than procedural grounds. *See Valdez v. Cockrell*, 274 F.3d 941, 946–47 (5th Cir. 2001); *Mercadel v. Cain*, 179 F.3d 271, 274 (5th Cir. 1999) (holding that whether an adjudication occurred turns on whether the state court disposed of the case on substantive or procedural grounds).

In Texas, when the Court of Criminal Appeals denies a state habeas petition—with or without an order or opinion—the "denial" means that the court addressed and rejected the merits of a particular claim. *See Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claims merits."); *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) ("Under Texas law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of the claim.").

Here, as the Report indicates, the Texas Court of Criminal Appeals denied his application for a writ of habeas corpus on August 27, 2014. Accordingly, because that denial signifies that the court addressed and rejected his habeas claims on the merits, his habeas claims were adjudicated on the merits—thereby triggering AEDPA deference to those adjudications. As a result, *Martinez* does not apply and the Magistrate Judge properly and correctly applied AEDPA deference to his federal claims. Darden's objection on this point is therefore meritless.

*B. Remaining Objections to Specific Claims*

In Darden's next objection, he argues that the Magistrate Judge incorrectly found that his claim within ground two—that counsel was ineffective for the failure to investigate a defense witness—was raised in his direct appeal. Docket No. 22 at 9. He highlights how, on direct appeal, he argued that counsel was ineffective for actually calling the witness. *Id*. at 9–10.

Darden is correct. However, Darden's claim still fails. In order to show that counsel was ineffective for failing to investigate, the petitioner must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial. *See Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005). A review of his petition shows that he complains that a defense witness, Petitioner's former girlfriend, testified to extraneous offenses of abuse committed by Darden against her. Darden's trial counsel submitted an affidavit to the state habeas court asserting that Darden specifically requested that she be called as a witness for the defense. Moreover, trial counsel explained that Darden knew he had previously assaulted her, that he and Darden discussed how that offense could be elicited from her testimony at trial, and, nonetheless, Darden insisted that she be called as a witness. Docket No. 7 at 779. Trial counsel explained that she was subpoenaed as part of their trial strategy and "done so at the request of Mr. Darden." Docket No. 7 at 780.

The record therefore demonstrates that the issue Darden wanted investigated—i.e., the extraneous offense—was already known to defense counsel through Darden himself. Accordingly, Darden cannot demonstrate either deficient performance or prejudice because both Darden and his trial counsel were aware of the extraneous offense and that the offense might be elicited at trial. Darden chose to produce the witness anyway. This claim is meritless.

Moreover, Darden raised this exact claim in his state habeas application, which, as mentioned, was denied and therefore adjudicated on the merits. This Court will give deference to that adjudication. As it stands, Darden has not demonstrated that the state court's adjudication of this claim was unreasonable.

In his next objection, Darden maintains that "the State habeas trial court did not enter any express findings of fact, nor did it enter any written conclusions of law indicating the basis underlying its recommendation to the high court that Petitioner's Sixth Amendment claims be denied." Docket No. 22 at 11. It seems that Darden takes issue with the concept that implied factual findings are presumed correct.

However, this objection is without merit. First, any alleged infirmities in state habeas proceedings are not grounds for federal relief. *See Haynes v. Quarterman*, 526 F.3d 189, 195 (5th Cir. 2008); *see also Rudd v. Johnson*, 256 F.3d 317, 320 (5th Cir. 2001) ("That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself."). Furthermore, the failure to enter express findings of fact does not preclude deference under the AEDPA because "[a]s a federal court, we are bound by the state habeas court's factual findings, both implicit and explicit." *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *see also Becerril v. Quarterman*, 2007 WL 1701869, at *4 (S. D. Tex. Jun. 11, 2007) ("The Texas Court of Criminal Appeals adopted the trial court's findings when it denied relief. A federal court

is bound by the state habeas court's factual findings, both implicit and explicit") (citation omitted). Because the AEDPA requires federal courts to provide deference to the state habeas courts' express and implicit findings, Darden's objection is meritless.

Darden's final objection concerns his request for the appointment of counsel due to *Martinez*. However, having already determined that *Martinez* does not apply to Darden's habeas petition, his request for federal habeas counsel on this issue is without merit.

## V. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Petitioner objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such d*e novo* review, the Court has determined that the Report of the United States Magistrate Judge is correct and the Petitioner's objections are without merit. Accordingly, it is

**ORDERED** that Petitioner's objections, (Docket No. 22), are overruled and the Report of the Magistrate Judge (Docket No. 16) is **ADOPTED**. Furthermore, it is

**ORDERED** that that the above-styled petition for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

Furthermore, the Court is of the opinion Petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the Petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the Petitioner need not

establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483–84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the Petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, Petitioner has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, the Petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, it is **ORDERED** that a certificate of appealability will not be issued.

**So ORDERED and SIGNED this 9th day of March, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE